UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA K. HUIZING, Personal Representative
of the Estate of Louis A. Huizing, deceased,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.
_____/

Case No. 1:08-cv-878

HON. JANET T. NEFF

## **OPINION**

In this ERISA[1] action on behalf of the estate of her deceased husband, plaintiff Linda Huizing seeks reversal of defendant Metropolitan Life Insurance Company's denial of her claim for supplemental life insurance benefits under a policy issued by defendant to her deceased husband's employer, Aggregate Industries, Inc. ("Aggregate"). The supplemental life insurance benefits fall under an employee welfare benefit plan ("Plan") governed by ERISA. Defendant serves as the plan administrator and determines eligibility for benefits. The parties have filed cross-motions for judgment on the administrative record.[2] After careful consideration, for the reasons that follow, the

---

[1] Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*.

[2] Plaintiff has filed a "Motion Challenging Administrative Decision" (Dkt 14). Defendant has filed a "Motion to Affirm the Administrator's Decision; or, if the Court Determines that Plaintiff was not Provided a Full and Fair Review of her Claim, to Remand Plaintiff's Claim to Metropolitan Life Insurance Company" (Dkt 17). Each party has filed a responsive brief (Pl's. Reply (Dkt 18); Def's. Reply (Dkt 19). Additionally, defendant has filed a notice of supplemental authority (Dkt 29).

Court concludes that defendant failed to provide plaintiff an opportunity for a full and fair review of her claim as required by 29 U.S.C. § 1133. Accordingly, this case must be remanded for further administrative review of plaintiff's claim in the first instance.

## I. Factual Background

Plaintiff's husband, Louis Huizing, was employed by Michigan Colprovia, and subsequently by its successor, Aggregate Industries, Inc., both asphalt manufacturers (Compl. ¶¶ 7, 9; AR 91-92, 122). Huizing was covered under a group life insurance policy issued to Aggregate, initially issued by Hartford Life Insurance Company, but transferred to defendant effective January 1, 2007 (Compl. ¶¶ 8, 12; AR 91-92). The life insurance policy coverage included $50,000 of "basic" life insurance, paid for by Aggregate, and $100,000 of "supplemental" life insurance to which employees contributed via payroll deduction (Compl. ¶¶ 4, 14-15; AR 91-92).

Because much of Aggregate's workforce was typically on layoff during the winter months, the life insurance Plan contained provisions for continuation of coverage during the winter months by Aggregate's continued payment of premiums, from the time of layoff, usually December 1, until the employees' return to work on or around April 1 of the next year (Compl. ¶¶ 9, 14-15; AR 92). Under these provisions, the premium payments would then be reimbursed by the employee upon return from layoff in the spring (Compl. ¶¶ 14-15; AR 92).

In December 2006, Huizing went on winter lay-off (Compl. ¶ 10; AR 92). During his lay-off, on March 30, 2007, Huizing was diagnosed with terminal metastatic lung cancer, and he died on April 15, 2007, thus not returning to work for the 2007 season (Compl. ¶ 11; AR 92, 123). Following Huizing's death, plaintiff filed a claim for life insurance benefits (Compl. ¶ 17; AR 93).

Defendant paid the "basic" life insurance coverage of $50,000, but declined coverage for the $100,000 supplemental life insurance (Compl. ¶ 18; AR 93).

Defendant's basis for denying coverage was that Huizing "was not actively at work on or after the contract effective date of January 1, 2007 …" and therefore was not in an "Eligible Class prior to his passing" (Compl. ¶ 19; AR 93, 125). Plaintiff appealed the denial pursuant to the Plan, and in a letter dated July 7, 2008, defendant denied the appeal, again on the ground that Huizing was not actively at work at the time defendant's plan became effective, but stating as follows:

> The plan states "You will be eligible for insurance on the later of: January 1, 2007; and the first date of the calendar month coincident with or next following the date You complete the Waiting Period that applies to such insurance". Furthermore, "Your insurance will end on the earliest of: with respect to contributory insurance, the end of the period for which the last premium has been paid by You".
>
> According to the Employer's Statement, Mr. Huizing's date last worked was December 1, 2006, at which time premium payments had stopped. The Group Life Insurance policy for Aggregate Industries became effective with MetLife on January 1, 2007. You believe the initial determination was wrong because the Actively at Work provision of the MetLife policy states "You will be deemed to be Actively at Work during weekends or Policyholder approved vacations, absences, holidays or business closures if You were Actively at Work on the last scheduled work day preceding such time off.["] As described above and in the initial denial letter, Mr. Huizing was not actively at work at the time that the MetLife plan became effective. Therefore, this claim is not the liability of MetLife.

(AR 98).

Following defendant's denial of her administrative appeal, plaintiff filed this civil action.

## II. Issue

The key issue for decision is whether, as argued by plaintiff, defendant effectively waived its right to assert the failure to pay supplemental life insurance premiums as a defense in this action even though defendant did not assert this ground for claim denial, if at all, until the July 7, 2008

3

letter denying plaintiff's administrative appeal; or whether, as argued by defendant, defendant's belated defense is a procedural violation that requires that this case be remanded for further administrative processing by defendant to provide plaintiff a full and fair review of her claim.

The Court concludes that under the circumstances of this case, remand is the proper remedy for defendant's procedural violation.

### III. Standard of Review

Under the guidelines set forth in *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 618-19 (6th Cir. 1998), ERISA actions are not subject to the procedures for summary judgment or bench trials, including discovery. Instead, judicial review must be based solely on the administrative record.[3] *Id.*

The parties disagree on the review standard applicable to this case.[4] Defendant contends that its denial of benefits is subject to the arbitrary and capricious review standard set forth in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101 (1989), because the benefit plan gives defendant the discretion to both interpret the terms of the benefit plan and determine a claimant's entitlement to benefits. Defendant cites to an express provision in a document titled "ERISA Information" giving the Plan administrator (defendant) discretionary authority over interpretation of the Plan and the determination of eligibility and entitlement to benefits (AR 74, 79).

---

[3]The only exception is when new evidence is necessary to resolve a claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process or an allegation of bias. *Wilkins*, 150 F.3d at 618.

[4]Although the review standard is not directly pertinent to the remand determination, the Court addresses the standard since it likely will be at issue on any further review by this Court.

4

Plaintiff contends that the referenced provision is not part of the Certificate of Insurance and thus not part of the Plan. Plaintiff argues that the applicable standard is therefore the ordinary de novo standard rather than the deferential arbitrary and capricious standard.

Contrary to plaintiff's contention, the Court finds no basis for limiting the Plan to simply the Certificate of Insurance. The "ERISA Information" document provides detailed information concerning the Plan and ERISA benefits, including a Statement of ERISA Rights required by federal law and regulation. Plaintiff has not provided any specific authority to the contrary. The Court therefore concludes that the document is properly considered part of the Plan. The arbitrary and capricious standard applies to plaintiff's claim.

An outcome is not arbitrary and capricious when it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome. *Evans v. UnumProvident Corp.,* 434 F.3d 866, 876 (6th Cir. 2006). A decision will be upheld if it results from a "deliberate principled reasoning process," and is supported by substantial evidence. *Id.* (citations omitted).

The arbitrary and capricious standard is a highly deferential standard. *Id.* at 875. However, the Supreme Court has elucidated the consideration necessary in cases in which the plan administrator performs the dual roles of benefit eligibility determination and payment of benefits, which presents a conflict of interest. *Metro. Life Ins. Co. v Glenn,* ___ U. S. ___; 128 S. Ct. 2343, 2348 (2008). In such cases, the court must apply a deferential standard of review to the administrator's decision, but the conflict of interest should be weighed as a factor in reviewing a discretionary benefit determination. *Id.* at 2350. The conflict should be considered along with other, often case-specific factors. *Id.* at 2351. "[A]ny one factor will act as a tiebreaker when the other

5

factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance." *Id.*

### IV. Discussion

Although defendant's denial of plaintiff's claim below rested on the "not actively at work"[5] ground, defendant now relies on the "failure to pay premiums" ground for denial of the claim. Plaintiff argues that defendant's assertion of this defense is a violation of plaintiff's due process right under 29 U.S.C. § 1133, which requires a full and fair review of her claim. Plaintiff contends that defendant's failure to assert this ground, if at all, until the final denial of her appeal deprived her of a full and fair review of her claim since she had no opportunity to address this basis for denial in the administrative process. Plaintiff further contends that defendant waived this defense, and therefore plaintiff is entitled to an award of supplemental life insurance benefits of $100,000.

Under 29 U.S.C. § 1133, every employee benefit plan must:

> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

The purpose of § 1133 is twofold: "'(1) to notify the claimant of the *specific* reasons for a claim denial, and (2) to provide the claimant an opportunity to have that decision reviewed *by the fiduciary*.'" *Wenner v. Sun Life Assur. Co. of Canada,* 482 F.3d 878, 882 (6th Cir. 2007) (quoting

---

[5]In fact, this ground no longer appears to be at issue since defendant does not specify the basis for affirmance of the claim denial on this ground and has provided no argument for decision by the Court. The Court is persuaded, based on plaintiff's argument, that denial of her claim on this ground was unwarranted under the facts of this case and the language of the Plan.

*Moore v. LaFayette Life Ins. Co.,* 458 F.3d 416, 436 (6th Cir. 2006)). The Sixth Circuit has adopted the rule of substantial compliance with respect to ERISA's procedural requirements under § 1133. *Id.*; *Moore,* 458 F.3d at 436 (citing *Kent v. United of Omaha Life Ins. Co.,* 96 F.3d 803, 807 (6th Cir. 1996). Applying the substantial compliance rule, "'[t]he question is whether [plaintiff] was supplied with a statement of reasons that under the circumstances of the case permitted a sufficiently clear understanding of the administrator's decision to permit effective review.'" *Moore,* 458 F.3d at 436 (quoting *Brehmer v. Inland Steel Indus. Pension Plan,* 114 F.3d 656, 662 (7th Cir. 1997)).

In reviewing plaintiff's claim for supplemental life insurance benefits, defendant denied the claim on the ground that Huizing was ineligible for benefits because he was not "actively at work" as required under the language of the Plan. Defendant did not mention the "failure to pay premiums" until its July 7, 2008 letter denying plaintiff's administrative appeal, after defendant's claim determination and review process was fully concluded. Even then, the letter is unclear as to whether defendant is relying on its passing additional reference to the failure to pay premiums as a basis for denying plaintiff's claim. Thus, plaintiff never had an opportunity to provide evidence regarding or to contest at the administrative level this new basis for denying supplemental life insurance benefits to Huizing. Defendant failed to substantially comply with § 1133, both in terms of providing adequate notice to plaintiff of the specific reasons for denial under subsection (1), and, more particularly, with respect to affording plaintiff a full and fair review of the decision denying her claim under subsection (2).

Having found that defendant violated plaintiff's procedural rights under § 1133, the remaining question is whether remand, rather than substantive relief of supplemental life insurance benefits, is the appropriate remedy. The Court concludes that remand is the proper remedy because

7

it will afford plaintiff full consideration of her claim to benefits, in accordance with the provisions of the Plan and Huizing's entitlement to supplemental life insurance thereunder.

"Remand to the plan administrator for full and fair review is usually the appropriate remedy when the administrator fails to substantially comply with the procedural requirements of ERISA." *Lafleur v. Louisiana Health Serv. & Indem. Co.,* 563 F.3d 148, 157 (5th Cir. 2009) (citing cases from the 2d, 3d, 4th, 6th, 7th, 9th and 10th Circuits). The Fifth Circuit Court of Appeals further explained the rationale for this default rule:

> This position is consistent with the default rule of other circuits and our pronouncement in *Wade* [*v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan,* 493 F.3d 533 (5th Cir.2007)] that procedural violations of ERISA generally do not give rise to a substantive damages remedy. When the procedural violations are non-flagrant, remand is typically preferred over a substantive remedy to which the claimant might not otherwise be entitled under the terms of the plan. *See Gagliano* [*v. Reliance Standard Life Ins. Co.,* 547 F.3d 230, 240 (4th Cir. 2008)]; *see also Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989) ("ERISA was enacted to promote the interests of employees and their beneficiaries in employee benefit plans and to protect contractually defined benefits.") (emphasis added) (citation omitted).

*Lafleur,* 563 F.3d at 157-58.

The above rationale is in keeping with precedent established by the Sixth Circuit Court of Appeals. Contrary to plaintiff's argument, under the circumstances presented, she is not entitled to an automatic award of supplemental life insurance benefits of $100,000 as a result of defendant's procedural violation in reviewing her claim for benefits. This case does not involve a reinstatement of benefits wrongfully terminated. *See Wenner,* 482 F.3d at 883-84 (reinstating the plaintiff's benefits beginning from the invalid termination to return the plaintiff to the position he would have been in but for the defendant's wrongdoing). The Court explained in *Wenner*:

8

> A plaintiff denied any benefits at all has no expectation of receiving them unless her claim is meritorious, and thus returning her to the status quo prior to the § 1133 violation requires only curing the procedural violation so that she may fairly pursue the merits of her claim. On the other hand, a plaintiff whose benefits have been terminated has, prior to the termination, a full expectation of continued disability payments until they are terminated by lawful procedures.

*Id.*

Plaintiff argues that the "premium payment" is moot because it is a *post hoc* rationale that the Sixth Circuit expressly forbade in *Univ. Hosps. of Cleveland v. Emerson Elec. Co.,* 202 F.3d 839 (6th Cir. 2000), *Wenner, supra*, and *McCartha v. Nat'l City Corp.,* 419 F.3d 437 (6th Cir. 2005) (Pl's. Reply, Dkt 18 at 12-13). In this regard, plaintiff seeks a substantive remedy for a procedural violation, and is effectively arguing that defendant should be precluded from asserting the "failure to pay premiums" defense under principles of waiver. The courts have generally rejected the application of waiver and estoppel in the context of ERISA claims to override the clear terms of plan documents. *Gagliano,* 547 F.3d at 237-41 (citing among other cases, *McCartha,* 419 F.3d at 447, *Marks v. Newcourt Credit Group, Inc.,* 342 F.3d 444, 461 (6th Cir. 2003), and *Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1272, 1275-76 (6th Cir. 1991)); *but see Kaniewski v. Equitable Life Assur. Soc. of U.S.,* No. 92-3604, 991 F.2d 795 (Table), 1993 WL 88200, at *5 (6th Cir. March 26, 1993). Plaintiff cites no persuasive authority to conclude that a waiver theory should be recognized under the circumstances of this case. Accordingly, the "premium payment" defense is not deemed "waived" and is not moot.

Nonetheless, to the extent that defendant's motion requests that this case should be affirmed on the merits, the Court finds no basis for an affirmance. The proper recourse in this case is to remand it for consideration of plaintiff's claim for benefits under the terms of the Plan at issue.

"ERISA requires the Plan be administered as written and to do otherwise violates not only the terms of the Plan but causes the Plan to be in violation of ERISA." *Gagliano,* 547 F.3d at 239 (citing 29 U.S.C. § 1102(a)(1) (2008)). It will be so ordered.

## V. Conclusion

Defendant failed to provide plaintiff adequate notice of the specific reasons for denial and an opportunity for full and fair review of the decision denying her claim as required under ERISA, 29 U.S.C. § 1133. Accordingly, this case is remanded for further administrative review. On remand, defendant shall provide plaintiff an opportunity for full and fair review of her claim, and specifically, of defendant's denial of supplemental life insurance benefits on the ground that Aggregate failed to pay the premiums.

Plaintiff's "Motion Challenging Administrative Decision" (Dkt 14), in which plaintiff seeks reversal of defendant's denial of plaintiff's claim, and an order awarding supplemental life insurance benefits, is therefore **denied**. Defendant's "Motion to Affirm the Administrator's Decision; or, if the Court Determines that Plaintiff was not Provided a Full and Fair Review of her Claim, to Remand Plaintiff's Claim to Metropolitan Life Insurance Company" (Dkt 17) is **denied** with respect to an affirmance of the administrator's decision and **granted** with respect to a remand of plaintiff's claim.

The Court will retain jurisdiction of this case pending further administrative review; however, the case will be administratively closed. Defendant shall notify the Court, by electronic filing, of any final decision on remand. In the event either party desires further review of the final administrative decision after remand, that party shall file a motion to reopen the case. If the case is reopened, any party desiring to file a dispositive motion shall first file a request for a Pre-Motion Conference

pursuant to Judge Neff's Information and Guidelines for Civil Practice, available on the Court's website (www.miwd.uscourts.gov).

An Order consistent with this Opinion will issue.


Dated: March 31, 2010                    /s/Janet T. Neff
                                         JANET T. NEFF
                                         UNITED STATES DISTRICT JUDGE